**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| ASHLEY LAFFERTY, as Next Friend, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *    Civil Case No.: SAG-24-2642 |
| | * |
| OFFICER ORLANDO THEISS, *et al.*, | * |
| | * |
| | * |
| Defendant. | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>MEMORANDUM OPINION</u>

This civil rights lawsuit arises from interaction between the minor son ("the juvenile") of Plaintiff Ashley Lafferty ("Plaintiff") and police officers on September 14, 2021. Plaintiff alleges that Officer Orlando Theiss used excessive force and engaged in battery when pursuing and stopping the juvenile. Plaintiff filed her lawsuit against Officer Theiss, the city of Salisbury, Maryland, the Salisbury Police Department ("SPD") and "Unknown Officers" (collectively, "Defendants").[1] ECF 1. Defendants have filed a motion to dismiss or, in the alternative, for summary judgment. ECF 22. Plaintiff opposed the motion, ECF 25-1, and attached a "statement of genuine issues," ECF 25-2. Defendant filed a reply, ECF 26. Because Defendant's reply pointed out that nearly every case citation in Plaintiff's opposition contained an error, this Court ordered that Plaintiff file an explanation. ECF 27. Plaintiff then submitted a "response to the Court's May 12, 2025 Order regarding accuracy of legal citations." ECF 28. This Court has reviewed all of the filings, including viewing the body-worn camera footage attached as an exhibit to Defendants'

---

[1] Plaintiff concedes in her opposition that the SPD is not an independent entity capable of being sued. ECF 25-1 at 3. The claims against SPD will be dismissed, although summary judgment would have been granted in any event.

motion, ECF 22-3, (the "Video"). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, Defendants' motion, ECF 22, will be treated as a motion for summary judgment and granted.

## I.    BACKGROUND

In evaluating a motion for summary judgment, this Court considers the facts in the light most favorable to Plaintiff as the non-moving party.[2] While on patrol on September 14, 2021, Officer Theiss, a five-year officer with the SPD, observed a blue Kia Forte without a properly functioning right brake light. ECF 22-2 ¶¶ 2, 3. He conducted a traffic stop and observed that the vehicle had two occupants: a driver, Kwali Cook, and a juvenile passenger (the juvenile). *Id.* ¶ 4. Because Officer Theiss smelled a strong odor of marijuana, he requested backup assistance. *Id.* ¶ 5. Other officers arrived and began to speak to the driver while Officer Theiss sat in his cruiser to check the relevant databases. *Id.* ¶ 6.

A female who knew the occupants of the Kia arrived on the scene and began to speak with the officers. *Id.* The officers asked the occupants to step out of the Kia for pat-downs. Video. As Officer Theiss again approached, the juvenile exited the vehicle carrying two balled-up T-shirts

---

[2] Though represented by counsel, Plaintiff attached no evidence in response to the motion, instead submitting only a "statement of genuine issues," citing Federal Rule of Civil Procedure 56(c)(1). That rule provides that "a party asserting that a fact cannot be or is genuinely disputed must support the assertion" by either citing to materials in the record or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support the fact." Plaintiff's filing does neither of those things. *See* ECF 25-2. Moreover, Plaintiff did not file the "affidavit or declaration" required by Rule 56(d) in a circumstance where a nonmovant believes it cannot present facts essential to justify its opposition without discovery. This is despite Plaintiff's own contention in her opposition that "The Fourth Circuit 'place[s] great weight on Rule 56(d) affidavits' to prevent premature grants of summary judgment." ECF 25-1 at 3 (erroneously attributing the quotation to *McCray v. Maryland Dep't of Transp.*, 741 F.3d 480 (4th Cir. 2014)). The only evidence before this Court at this stage, then, is that submitted by Defendants, to include the Video, ECF 22-3, and Officer Theiss's sworn declaration, ECF 22-2.

and tried to hand them to the female. *Id.*; ECF 22-2 ¶ 7. Officer Theiss instructed the juvenile not to hand her any property and reached out for the T-shirts, at which time the juvenile clutched the T-shirts and ran on foot. Video; ECF 22-2 ¶ 8.

Officer Theiss pursued the juvenile on foot. Video; ECF 22-2 ¶ 9. After a brief chase, Officer Theiss reached out, and both he and the juvenile fell to the ground. *Id.* Immediately upon contact with the ground, the juvenile began crying out that his leg was broken. Video; ECF 22-2 ¶ 10. Officer Theiss tried to assist the juvenile while awaiting medical services. Video; ECF 22-2 ¶ 11. Officer Theiss located a bag containing 16.73 grams of marijuana from the juvenile's back right pocket and a loaded Polymer 80 Glock-style 9mm handgun underneath the juvenile's body where he fell. ECF 22-2 ¶¶ 12, 13. The officers searched the Kia and found a digital scale, drug paraphernalia, several cellphones, and approximately .78 grams of suspected cocaine. *Id.* ¶ 15. The juvenile was transported to the hospital and treated for a broken leg he sustained in the incident. *Id.* ¶ 14.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to test the legal sufficiency of a complaint by way of a motion to dismiss. *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." *See In re Birmingham*, 846 F.3d at 92.

3

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("our decision in *Twombly* expounded the pleading standard for 'all civil actions' ....") (citation omitted); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if ... [the] actual proof of those facts is improbable and ... Recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Lendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011). But a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "a court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011).

Defendants' motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. A motion styled in this manner implicates the Court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011). Conversion of a motion to dismiss to one for summary judgment under Rule 12(d) is permissible where plaintiff has "actual notice" that the motion may be disposed of as one for summary judgment. *See Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260-61 (4th Cir. 1998). When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin*, 149 F.3d at 261.

Because Defendants captioned their motion in the alternative, Plaintiff had sufficient notice that the Court could treat the motion as one for summary judgment and rule on that basis. As noted

above, Plaintiff did not submit any evidence to support her position, nor did she submit the Rule 56(d) affidavit required to take the position that additional discovery is required to contest a summary judgment motion. Particularly in light of the dispositive video footage, ECF 22-3, this Court will treat the motion as a motion for summary judgment and will review the case under that standard.

Summary judgment is appropriate under Rule 56 only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of showing that there is no genuine dispute of material fact. *See Casey v. Geek Squad*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show a genuine issue exists for trial. Id. The non-moving party must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993)). The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find in its favor. *Id.* at 348 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). Moreover, a genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Id.* at 349 (quoting *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999)). Additionally, summary judgment shall be warranted if the non-moving party fails to provide evidence that establishes an essential element of the case. *Id*. at 352. The non-moving party "must produce competent evidence on each element of [its] claim." *Id.* at 348-49 (quoting *Miskin*, 107 F. Supp. 2d at 671). If the non-moving party fails to do so, "there can be no genuine issue as to any

material fact," because the failure to prove an essential element of the case "necessarily renders all other facts immaterial." *Id.* at 352 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Coleman v. United States*, 369 F. App'x 459, 461 (4th Cir. 2010) (unpublished)). In ruling on a motion for summary judgment, a court must view all of the facts, including reasonable inferences to be drawn from them, "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

## III.    DISCUSSION

The dispositive issue in this case is whether Officer Theiss's actions were objectively reasonable under Fourth Amendment standards. The video footage (particularly in combination with Officer Theiss's declaration) amply establishes reasonable suspicion for the officers to conduct a *Terry* stop of the juvenile. A stop-and-frisk necessarily involves some measure of physical force, making the determinative question "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 388 (1989). Factors relevant to the assessment of objective reasonableness include, but are not limited to, "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396-97.

In this case, those factors establish the lawfulness of Officer Theiss's pursuit and apprehension of the juvenile. Looking first at the severity of the crime at issue, Plaintiff's contention that Officer Theiss was only investigating a "civil…infraction" of marijuana possession ignores the totality of the circumstances he faced. ECF 25-1 at 6-8. Officer Theiss smelled a strong odor of marijuana in the Kia, leading him to call for backup officers. Whether or not possession of

marijuana amounts to a criminal or civil offense depends on the quantity of the substance, which cannot be evident to an officer before a search occurs and the quantity can be ascertained. Moreover, in addition to the strong odor of marijuana, Officer Theiss observed the juvenile's highly irregular action of trying to hand the large, balled-up, seemingly weighted bunch of shirts to the female who arrived on the scene before he submitted to a pat-down by the officer. Video. That conduct alone could establish reasonable suspicion warranting a search, but certainly amounts to reasonable suspicion in combination with the marijuana odor.

Second, the juvenile's suspicious actions with the bundle of shirts reasonably heightened the officers' fear of an immediate threat to their safety. An "indisputable nexus between guns and drugs presumptively creates a reasonable suspicion of danger to the officer." *United States v. Sakyi*, 160 F.3d 164, 169 (4th Cir. 1998). Actions that would objectively lead an officer to believe there is a heightened chance of weapons possession can be considered when assessing objective reasonableness. *See United States v. Raymond*, 152 F.3d 309 (4th Cir. 1998) (determining that a pat-down was warranted after a passenger awkwardly exited a vehicle clutching at his stomach). Here, the attempted hand-off of the strange bundle just prior to a frisk contributed to the objectively reasonable suspicion of criminal conduct.

Finally, the juvenile fled with the bundle of shirts at the precise moment Officer Theiss reached out for it. Not only does that flight fulfill the third *Graham* factor, but it also bolsters the officer's assessment of danger, because it corroborated the suspicion that the bundle of shirts likely concealed a weapon or other contraband. *See Illinois v. Wardlow*, 528 U.S. 119, 124 (2000) (noting that "headlong flight" is "certainly suggestive" of wrongdoing).

There can be no question, then, that Officer Theiss had an objectively reasonable basis to conduct a *Terry* stop-and-frisk of the juvenile. Because the juvenile fled before that frisk could be

conducted, Officer Theiss had good cause to pursue him. *See Graham*, 490 U.S. at 396 ("Our Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it."); *United States v. Haye*, 825 F.2d 32, 35 (4th Cir. 1987) ("By its very nature ... a *Terry* stop is involuntary, and the suspect is not free to avoid it by flight. To that extent, his freedom is limited, and the policeman is authorized to use such reasonable force as may be necessary to accomplish the purpose of the limited stop."); *United States v. Rubottom*, No. 96-4109, 1997 WL 661497, at *1 (4th Cir. Oct. 24, 1997) (determining that a chase and subsequent stop of a fleeing defendant did not exceed the bounds of a *Terry* stop). It appears from the video that Officer Theiss reached out and grabbed the juvenile, stopping his forward progress and causing both of them to fall to the ground. ECF 22-3. But even if Officer Theiss's action could be characterized as more of a tackle, it would not be an excessive use of force in this situation, where Officer Theiss was trying to apprehend a fleeing suspect. *See, e.g.*, *Janfaza v. City of Glendale*, No. 2:23-1312, 2024 WL 6085278, *9 (C.D. Cal. Sept. 30, 2024) ("[T]ackling a suspect to make an arrest generally poses minimal force and a low risk of injury."); *Butler v. Fleming*, No. 17-4705, 2019 WL 4751861, *5 (N.D. Ga. July 22, 2019) (recognizing that where force was needed to effect an arrest, tackling was not disproportionate to the need for force). In a similar situation in this Court, United States District Judge Richard D. Bennett granted summary judgment where, during a traffic stop in a known drug area, the driver and passenger both fled on foot. *Griffin v. Salisbury Police Dep't*, No. RDB-20-2511, 2020 WL 6135148 (D. Md. Oct. 19, 2020). The officer grabbed the defendant's shirt and tackled him from behind, causing the defendant to sustain a broken leg. *Id.* at *2. Despite the injury, Judge Bennett determined that the officers "employed reasonable force in their effort to arrest him" after the car in which he was riding committed traffic violations,

and he attempted to flee on foot. *Id.* at *6; *see also McNeill v. Weaver*, No. WDQ-10-0029, 2013 WL 4047146, *4 (D. Md. Aug. 8, 2013) (determining that officers did not exercise excessive force when defendant, who suffered leg and face injury, had caused a car chase and foot chase, resisting arrest). Officer Theiss acted reasonably in pursuing and using some minimal force, either a grab or a tackle, to apprehend and search the juvenile.

Plaintiff contends that Officer Theiss's actions were not reasonable because of the juvenile's age. ECF 25-1 at 8. She argues that "age is a force multiplier," citing a case in which a deputy sheriff handcuffed a "calm and complaint" ten-year-old elementary schooler during an office meeting about a fight on a school bus that had occurred three days earlier. *E.W. ex rel. T.W. v. Dolgos*, 884 F.3d 172, 181-84 (4th Cir. 2018). That case is readily distinguishable from this one. Here, a teenage suspect was actively fleeing police after a traffic stop, and the officer had reasonable suspicion of criminal activity, including possible weapon possession. Even given the juvenile's age, Officer Theiss's actions (either grabbing or tackling) were objectively reasonable given the reasonable suspicion that the juvenile was involved in criminal conduct and the need to stop him to conduct an appropriate search. This situation, unlike *Dolgos,* also requires the Court to consider "the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 397. In the context of an active foot chase, Officer Theiss acted reasonably, even given the juvenile's age.

Finally, even if this Court had found him to have committed a constitutional violation, Officer Theiss submits that he would be entitled to qualified immunity on the federal constitutional claim. ECF 22-1 at 10-12. Qualified immunity protects the officer from liability unless the officer violated a constitutional right, and Plaintiff's constitutional rights were clearly established. *See*

*Harlow v. Fitzgerald*, 467 U.S. 800, 818 (1982); *Pearson v. Callahan*, 55 U.S. 223, 232 (2009). For the reasons cited above, this Court cannot find any case establishing, in any similar context, that pursuing and even tackling a fleeing individual who the officer had reasonable suspicion to stop-and-frisk constitutes a constitutional violation. Officer Theiss did not violate any clearly established constitutional rights, and he is therefore entitled to qualified immunity.

None of Plaintiff's remaining claims or issues fare any better. Plaintiff did not assert a *Monell* claim, despite her representation that she "does not oppose merging the official-capacity designation into the Monell count." ECF 25-1 at 11. Her "respondeat superior" theory, even if it were an appropriate stand-alone claim, would fail because there are no viable counts against Officer Theiss or any other officer. And under Maryland law, Officer Theiss did not commit battery because he only touched the juvenile incidental to his lawful seizure. *See French v. Hines*, 182 Md. App. 201, 265 (2008) ("[B]attery can only occur when there is no legal authority or justification for the arresting officer's actions."). Plaintiff's claim pursuant to the Maryland Declaration of Rights Article 24 is construed *in pari materia* with her federal constitutional claim and is also subject to summary judgment for the reasons described above. *See, e.g.*, *Littleton v. Swonger*, 502 Fed. App'x 271, 274 (4th Cir. 2012) ("Articles 24 and 26 are construed *in pari materia* with the Fourth and Fourteenth Amendments of the U.S. Constitution[.]"). Summary judgment is therefore warranted as to all counts of Plaintiff's complaint.

## IV.    CONCLUSION

For the reasons stated above, Defendants' Motion, ECF 22, will be treated as a Motion for Summary Judgment and will be granted. Judgment is entered in favor of Officer Theiss and the City of Salisbury, Maryland. All claims against the Salisbury Police Department are dismissed. The Clerk is directed to close this case. A separate Order of Judgment follows.

Dated: August 4, 2025                                    _____/s/_____
                                                          Stephanie A. Gallagher
                                                          United States District Judge